UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CAROLYN GAVIN AND MICHAEL GAVIN**                                    **PLAINTIFFS**

**VERSUS**                                             **CIVIL ACTION NO.**   1:22cv137 TBM-RPM

**BRANDON MORAIN AND**
**AIRBNB, INC**                                                        **DEFENDANTS**

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

COME NOW Carolyn Gavin (hereinafter "Mrs. Gavin") and Michael Gavin, Plaintiffs in the above styled cause, by and through counsel, and files this civil action against Brandon Morain (hereinafter "Morain") and Airbnb, Inc. (hereinafter "Airbnb"), and in support thereof would show the following:

Seventy-three-year-old Carolyn Gavin and her family rented a house advertised online through Airbnb from October 28, 2021 through October 31, 2021 for a family reunion. The house is located at 3501 Suzanne Ave, Pass Christian, MS 39571 and owned by Brandon Morain. Airbnb advertised the subject property as a "premier vacation rental" and it claims that Airbnb is "designed with safety in mind".

On October 28, 2021, while an invitee on the premises, Mrs. Gavin was descending the property's exterior staircase. Each step had been decorated with pumpkins, potted plants and flowerpots prior to the Gavins' arrival to the premises. Both handrails on the stairs had been decorated with artificial fall themed leaf garland. While descending the staircase near the top of the stairs, Mrs. Gavin tripped over a pumpkin, attempted to grab the handrail and fell violently down the remaining steps, landing on the concrete driveway.

Defendant Morain, the owner of the house, negligently created a dangerous condition on the only means of egress from the main living floor of the house to the ground. This suit seeks to hold Morain accountable for the injuries and resulting damages sustained by the Gavins due to Morain's negligent acts. The Gavins also seek to hold Airbnb accountable for misrepresenting the condition of the vacation rental advertised through its website, and for failing to enforce rules or standards with regard to the safety of the premises or due to its failure to maintain and monitor such rules or standards. Such rules or standards exist to protect persons on the premises from safety hazards, like the one encountered by Mrs. Gavin, and they must be adhered to.

**PARTIES**

1. Plaintiffs, Carolyn and Michael Gavin, are Mississippi residents with their principal residence located at 210 South Division Street, West Point, Mississippi 39773.

2. Defendant, Brandon Morain may be served with process at 1252 Highway 360, Palmetto, LA 71358-2626 or in any manner consistent with Rule 4 of the Federal Rules of Civil Procedure.

3. Defendant, Airbnb, Inc. is a corporation domiciled in California and doing business within the State of Mississippi, which may be served by serving its registered agent for service of process, Corporation Service Company, which is doing business in California as CSC-Lawyers Incorporating Service, at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833 or in any manner consistent with Rule 4 of the Mississippi Rules of Civil Procedure.

**JURISDICTION AND VENUE**

4. Jurisdiction is proper under 28 U.S.C. §1332, as there is complete diversity between the parties and this controversy involves an amount in excess of seventy-five thousand dollars ($75,000), exclusive of attorneys' fees, costs, punitive damages. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as a substantial part of the events giving rise to the Plaintiffs'

claims occurred in this judicial district. Moreover, the location of the property owned by Defendant Morain, and the county where the Plaintiffs' injuries occurred is situated in this judicial district.

## FACTUAL BACKGROUND

5. The property located at 3501 Suzanne Ave, Pass Christian, MS 39571 is owned by Defendant Morain as a short-term rental advertised online through Airbnb as a "premier vacation rental."

6. Carolyn Gavin and her family rented the subject property through Airbnb from October 28, 2021 through October 31, 2021 for a family reunion. Airbnb advertised the subject property as a "premier vacation rental" (Exhibit "A") and represents to the public on its website that Airbnb is "designed with safety in mind" (Exhibit "B").

7. On October 28, 2021, while an invitee on the premises, Mrs. Gavin was descending the property's exterior staircase. Each step had been decorated with pumpkins, potted plants and flowerpots prior to the Gavin family's arrival to the premises. Additionally, both handrails had been decorated with artificial fall themed leaf garland. See Exhibits "C" through "E". Mrs. Gavin was near the top of the stairs and while descending the staircase, she tripped over a pumpkin, attempted to grab the handrail and fell violently down the remaining steps, landing on the concrete driveway. See Exhibit "E".

8. Mrs. Gavin struck the ground with tremendous force and suffered several injuries including, but not limited to, her left arm, left hand, left wrist, left hip, left knee, left leg and several contusions on her body. Mrs. Gavin's family was with her and near her at the time of her fall; they witnessed the fall; and, tended to and comforted her until medical help could arrive. EMTs

came to the scene of the fall and were able to stabilize Mrs. Gavin enough to place her on a stretcher and load her into an ambulance.

9. EMTs transported Mrs. Gavin to the Emergency Room at Ochsner Medical Center Hancock in Bay St. Louis where she was evaluated, x-rays were performed, splint and immobilizers applied. Physicians at Ochsner Medical Center Hancock in Bay St. Louis quickly decided that Mrs. Gavin would be best served by Ochsner Northshore's orthopedic surgical unit in Slidell, LA.

10. On October 29, 2021, Ochsner Medical Center Hancock in Bay St. Louis transported Mrs. Gavin for treatment at Ochsner Northshore in Slidell, LA where she subsequently underwent emergency surgical treatment including, but not limited to, a left total hip arthroplasty with placement of metallic acetabular and femoral components and, a left wrist closed reduction having been diagnosed with a femoral neck fracture and, a closed fracture of the left wrist. Mrs. Gavin has undergone invasive surgeries and continues with treatment for pain, physical therapy for loss of mobility and rehabilitation after surgery.

11. Mrs. Gavin's injuries are serious and permanent. She has suffered debilitating effects from such injuries and resulting surgeries that have caused disfigurement and disabilities.

## DUTIES VIOLATED BY DEFENDANTS

12. Slips and falls are a foreseeable risk of harm. Slip and fall injuries are the most frequently reported injury in the U.S. Hundreds of thousands of individuals fall each year. Hundreds are killed. Five percent of falls result in fractured bones. Every year over 8 million emergency room visits are made from slips, trips and falls.

13. Defendants were required to take adequate safety measures to prevent Mrs. Gavin and others from foreseeable dangers.

14. Defendants were required to maintain the staircase area in a reasonably safe condition to prevent harm to Mrs. Gavin and others.

15. Defendants were required to follow the following safety rules and standards to prevent harm to Mrs. Gavin and others:

(a) Refrain from creating safety hazards on the premises;

(b) Identify and evaluate foreseeable safety dangers;

(c) Develop and implement safety policies, procedures and measures for foreseeable safety dangers;

(d) Periodically inspect the premises to discover potential safety hazards;

(e) Anticipate dangerous conditions, regardless of whether such dangerous condition was "open and obvious;"

(f) Retain sufficient qualified staff and/or hosts to implement safety measures; and,

(g) Adequately supervise hosts to implement safety measures;

16. Defendants violated these duties, rules and standards, which violations endangered Mrs. Gavin and others by creating a hazardous condition on the stairs of the premises and allowing such condition to remain.

17. Defendants' failure to provide a safe unobstructed staircase for patrons to egress from the elevated portion of the house to the ground and to provide protections against falls is a violation of these standards and constitutes negligence.

18. Defendants' violation of these duties, rules and standards was reckless as well as negligent. The Defendants turned a blind eye to the known risks, and consequences of falls on the premises' staircase.

19. Defendants also misrepresented the true condition of the premises. The Gavins relied on Defendants' representation that the rental was safe for occupancy and such representation proved to be false. The Gavins relied upon Defendants' representations regarding the safety of the premises and were harmed as a result of such reliance.

## CAUSATION OF INJURIES AND DAMAGES

20. The injuries and damages sustained by Mrs. Gavin, more particularly described below, were produced in a natural and continuous sequence from Defendants' violation of one or more of the above-described safety duties, rules and standards.

21. The injuries and damages sustained by Mrs. Gavin were a probable and foreseeable consequence from Defendant's violation of one or more of the above-described safety duties, rules and standards.

22. If the Defendants had not violated one or more of the above-described duties, rules and standards, then Mrs. Gavin' injuries and damages would not have occurred.

## MRS. GAVIN'S DAMAGES

23. The injuries and damages sustained by Mrs. Gavin because of Defendant's violation of safety duties, rules and standards include, but are not limited to:

(a) Serious and permanent bodily injuries to her hand, wrist, hip, and other parts of her body, which is a life-changing event causing her loss of the ability to enjoy a normal quality of life;

(b) Medical expenses incurred in the past and reasonably expected to be incurred in the future, including future surgeries, and transportation expenses to obtain such medical treatment;

(c) Physical pain and suffering experienced in the past and reasonably expected to be

experienced in the future;

(d) Mental anguish experienced in the past and reasonably expected to be experienced in the future, which includes but is not limited to Mrs. Gavin' loss of quality of life due to permanent injuries causing chronic pain that limits her activities;

(e) The reasonable expense of any necessary help in Mrs. Gavin's home in the past, and reasonably certain to be required in the future because of her injuries;

(f) The reasonable expense of any home modifications necessary for Mrs. Gavin to live comfortably, safely and independently in her home during her treatment and recovery; and

(g) The reasonable value of Mrs. Gavin's disabilities and disfigurement.

## MR. GAVIN'S DAMAGES

24. The injuries and damages sustained by Mr. Gavin because of Defendant's violation of safety duties, rules and standards include, but are not limited to:

(a) Loss of services due to the severe injuries to Mrs. Gavin;

(b) Loss of consortium due to the severe injuries to Mrs. Gavin; and

(c) Mental anguish experienced in the past and reasonably expected to be experienced in the future due to witnessing his wife's trip, fall and landing at the base of the stairs of the subject premises.

## AMOUNT OF DAMAGES

25. The Gavins' injuries and damages are over the minimum amount required for circuit court jurisdiction, for which they should be awarded a judgment as against the Defendants in an amount to fully and fairly compensate them for every element of damages that has been suffered.

## DEMAND FOR JURY TRIAL

26. The Gavins demand a jury trial for all issues of fact presented by this action.

## RESERVATION OF ADDITIONAL CLAIMS

27. The Gavins reserve the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that summons is issued against the Defendants that the Defendants be cited to appear and answer herein, that following a jury trial, Plaintiffs have judgment entered against the Defendants for a sum within the jurisdictional limits of this Court, that will fully compensate Plaintiffs for all elements of damages suffered, and any other relief to which they may be entitled, plus reasonable attorney's fees, expenses and all costs of Court incurred herein.

AND, if Plaintiffs have prayed for wrong, improper, or insufficient relief, then they pray for such other general or special relief to which they may be entitled under the circumstances.

Respectfully submitted this the 2nd day of June, 2022.

Carolyn Gavin and Michael Gavin, Plaintiffs

_____
DAVID BARIA, MSB# 8646
ONE OF THE ATTORNEYS FOR
PLAINTIFFS

OF COUNSEL:

Cosmich, Simmons & Brown, PLLC
544 Main Street
Bay St. Louis, MS 39520
T: 228-242-4987
F: 601-863-0078
E: david.baria@cs-law.com